Your Honors May I Please the Court? My name is Johnny Egan I represent the plaintiffs Rother et al in this case I'm going to try and reserve a couple of minutes for rebuttal. We're here about attorney fees today everyone's favorite topic. There's two categories with the trial judge calls them remanded claims, and what the trial judge called the affirmed claims There was a trial in the case some claims were dismissed. Both categories of claims were appealed to the Ninth Circuit and on the first time this case was before the Ninth Circuit, the Ninth Circuit reversed some claims and remanded them for trial and affirmed on some other claims. Once the case was back to the trial court, the defendants made an offer of judgment purporting to cover all claims including the ones that were affirmed at the Ninth Circuit for which we were preparing a petition for certiorari. What was the basis of the petition for certiorari? Was this all state law and evidentiary rulings? What could possibly have gotten into the Supreme Court's jurisdiction? There was an interpretation by the trial judge of certain aspects of federal law. What was that? I don't remember off the top of my head. Have you been addressing the Court of Appeals? Was that the basis for the Court of Appeals decision? It was one of the rulings of the Court of Appeals. And you were prepared to go to serve on that question? Yes. So one of the questions was, did the trial judge require the plaintiffs to have complied with a statute that was not enacted until three years after? It was a mandated issue. Yes. So let me ask you this question in practical terms. Which exactly was? At this point, does the Supreme Court grant certiorari a 2% of the cases before it? Is there conflict in the sentence, honestly? No. Is it of nationwide importance? I think it is. The federal court's interpretation of state law as retroactive, I think, is an indication. State law? Yes. The question in this case is whether a state statute was retroactive. The question was not addressed by the parties, but it was reached by the plaintiffs. Okay. But that's the question in which we're going to see certiorari. It does. And it's a formal statute. A formal statute was retroactive. Yes, it was retroactive, but that was the finding of the panel. Okay. But that's the question that you think the Supreme Court would agree to certiorari. That was the one that we were working on. We didn't finish our research for it. You know, this is a practical question. You had other claims in the case, and perhaps they were worth something. We can talk about the remaining key claims in a moment. But as a practical matter, would you pay much to the other side, to settle that claim? You'd already won in the Court of Appeals. It involves the question of state law, and the Supreme Court doesn't even take splits into circuits anymore. I wouldn't pay much for that claim. Well, there wasn't much to pay for all of the claims to begin with. I mean, this is an FLSA claim. It's people that are near the minimum wage. The size of the claim was remaining even had it certainly been granted was only about $40,000. That's what we laid out in our demand. The defendants asked us, give us a demand of what's left. Once we got back to the trial court, our manager said, would you like me to include the claims? So give us the practical procedure. How do you deal with the fact that the mandate had been issued? You didn't go back to the trial court with your opponents and say, we're following the rules. We'd like you to set aside your previous judgment. How did the trial court have jurisdiction to grant fees with respect to this line? So one question the trial court asked was whether or not it could enter judgment on claims for which a mandate had been issued. I think so. Why? Well, because the parties can reach a settlement. Well, obviously, parties can enter judgments if the court agrees. You can stipulate. But does the trial court have the authority to disturb a mandate? Well, it's not disturbing the mandate. It's the party's decree. So one aspect of it. I understand. But is it judgment? If the judgment was for the parties can't reach a settlement, that's a separate issue. Can the parties agree by themselves to set aside a judgment that's been affirmed and not involve the district court in that argument? Well, that's the question. I don't think that's what happened. I think the offer of judgment was for the attorney fees for the claims that would have been petitioned for cert. I don't think it was specifically asking to overturn the Ninth Circuit's judgment. It was for the attorney fees that involved those claims. An FLSA claim, it says if a judgment is issued in the plaintiff's favor, then the trial court shall award fees in addition to the underlying judgment. The Ninth Circuit, in addition to all the other circuits that have considered this question, they interpret that word judgment in Section 216B of the FLSA to include settlements. So we don't have to overturn the Ninth Circuit's mandate in order to issue attorney fees here, because FLSA section 216B's use of the word judgment includes settlements. So when the plaintiffs and the defendants settled the claims that were for which the mandate had issued, but which we haven't yet petitioned for certs that are already issued. These questions are slightly different. Let's just say we brought your argument and said to the district court, you should take this back and consider how much to give these folks in fees for the so-called phone claims. And the district said, I'm going to give you nothing. Okay. Because these claims were pretty meritorious in the first place. Will you reduce the suspicion under these circumstances? I mean, I would have to see his reasoning. I will just say he said exactly what Judge Bybee and I have been implying. The question is whether his state statute was retroactive. It's not going to help me. I think they were right. A certain position would have had no chance whatsoever of succeeding, and therefore he has certainly won by taking some of these fees. Would that be in his discretion? I don't know. I mean, I would think the position would have changed. I would say yes. It's in his discretion to award zero fees if he thinks it's a nominal recovery. The firm thinks it's nominal. It's non-substantial. I mean, the direct question at the other time, he said, hey, I think we may not be able to settle this. And so I said, are we talking about settling all the claims? That is sort of a friendly increase. We're going to make the whole case go away, right? And that doesn't mean that you've necessarily apportioned the offering settlement equally between all of the claims. You would say, hey, we're going to make $12,500, and we'll just think that's all. FLSA claims and, yeah, but the Oregon claims are on, and we didn't get much of a chance on cert, so we would just pull a sign zero to that. Well, in case you don't have a good claim for attorney's fees, based on the FLSA claims, if you really want us to apportion that, with the Oregon claims, you're actually going to split out this fairly small amount among more claims, you may end up with a judgment that all of these were de minimis, which is not, in fact, good. Well, so there were 27 of these, so even if you split the judgment evenly among all of them, it's not de minimis. It's two weeks' wages for everyone, so it's not a nominal recovery, and that's a distinction that I think we should make. The trial judge said there was not a substantial change in the party's position with the recovery of $12,500, but the judgment held it for $18,000, and the Ninth Circuit said that that was not a nominal recovery. With respect to the remanded claims, can I hear your position? Yes. I can understand the judges, and I think there was a substantial change in the party's position with the recovery of less than $1 million in claims, and allocating fees to those makes sense. How much is a simple question. But why? You know, sometimes the difficulty figuring out whether you should be assigned to a court or not, and that your only shot was persuading the Supreme Court to take a case to decide whether to stay in the moral judgment active. It was one willing to assign much value to these claims. Well, okay, so the underlying judgment was for the plaintiffs. That error that we've been talking about, the retroactive allocation of estate statute, applies to attorney fees. So that would have changed the allocation of attorney fees. In other words, you made a claim for which the trial judge didn't allocate you any fees, because he thought the time you spent in there was not appropriate, because it had no merit. So at the end of the day, you had to assign some merit to the client in order to award you fees, didn't you? Well, I think it's a binary. I think you apportion the amount of the judgment that was awarded to the plaintiffs. We're not apportioning judgments. We're looking at the amount of time you or this trial counsel spent on the case. And you quite judge this time and look at that and say, well, some of this time really wasn't very productive. So it's making a claim that turns out to be not very exact. Why do you think so? At the end of the day, doesn't somebody have to make a decision that this time was fruitfully spent? And given what happened, isn't that very difficult for anybody at the client? Well, absolutely. The trial judge did. He says, I'm reducing the load star, and I am applying a curve percentage reduction, and I'm also applying a scorch reduction to the attorney fee petition based on not all plaintiffs recovered. They didn't recover for all of the federal claims that they asserted, and the amount of money that they got was less. All three of those. That's a separate issue. My inclination is to think that the trial judge is a player for your opponent, errant in not granting fees on the remanded claims for time spent before appeal. But that's a separate issue of whether or not you get fees for pursuing a claim. The trial judge, I think, I have to say since I'm on the Supreme Court, if I correct your failure, no matter what, I'm sorry. That is the issue you say you're thinking about filing for a cert on. Did you move for reconsideration?  We asked for a panel re-hearing and an en banc re-hearing. One of the three panel members voted. I also know you. No, he didn't. You left him wrong.  The panel unanimously voted not to re-hear the case. On the question of re-hearing en banc, two judges voted against it. The third judge, Shema is the senior judge. He has no vote en banc. All he does is recommend. That's not what the vote facilitates. I know this was misunderstood by more than one party in the case, but what's lost, that's on all issues. Put that aside, we did petition for re-hearing, both on the panel and en banc, but we did not move for reconsideration. On the issue of the retroactivity. Among other issues, yes. You have three minutes. Do you want to reserve that? I do, thank you. Okay. Give me three minutes. Thank you. Thank you to the court. I'm Anderson for appellees. As noted, there's two different issues here. There's the use of credit remand claims, and there's the use of credit in the affirmed claims. I'll begin with remand claims. There were 27 plaintiffs. They brought numerous claims. Federal and state. The federal claims included the FLSA claims. The district court dismissed one count of the FLSA claims on summary judgment. The rest of the claims went to trial. Plaintiffs prevailed on the FLSA claims. They asked for attorney fees. They got attorney fees. The attorney fees were reduced by the district court because of appointment care factors. One reduction or one rationale for reducing was the amount recovered versus the amounts on attorney fees. Then this court reversed the district court's ruling on summary judgment, and it also reversed the decision by the district court to deny a recovery to seven of the plaintiffs for not testifying at trial. So it remanded those claims as well. Those claims were numerous state law claims and federal claims, including the FLSA. So which courts are they chasing? Which courts do you think we should be using? We reverse the district court, at least on some FSRA claims, correct? On one count, yes. We send it back to the district court. That's right. Rather than retry those claims, you accept an offer of judgment. An offer of judgment is acceptance. That's right. So judgment was entered for the plaintiffs on those claims. That's right. Okay, now, the district court, in looking at those claims for which the FSRA statute says you shall award fees, said, I'm only going to award fees for the time you spend on a claim. That's right. I don't understand that. If this had proceeded correctly, they wouldn't have had to appeal. So they spent a bunch of time trying a case to pursue their rights that we said, you shouldn't have had to spend, take it back, and do it again. Rather than retry it, you agree to judgment. The amount of fees that ought to be awarded for pre-appeal time is a separate issue. You need some money to misspend. But it was also allocated on the claims. I don't understand how pre-appeal fees can be excluded from the cost of scrutiny. And I'm not sure why the district court did that. He didn't say, he said, I don't have to award anything. And accepting the offer to allow judgment doesn't make you the prevailing party to procure some of your posted fees. Well, but that doesn't make them the prevailing party, does it? Well, under this court's case law, and it is also under the district court, just accepting doesn't make you the prevailing party with respect to the award of attorney fees. And in the Seacrest case, this court said just because you accepted an offer to allow judgment doesn't mean you're entitled to fees. The court said in the seventh, they settled the circuit decision on Fletcher. And Fletcher said the same thing. And on Fletcher, it said, except in $7,500, that's just a nuisance value. You're not the prevailing party. That's a separate question. In other words, I understand if it was a nuisance value settlement for judgment. It might not be. A judge might exercise discretion to award fees. My difficulty here is I can't figure out, I don't think you understand what I'm saying. I don't know. I think the right thing to do here would say, you know, you weren't entitled to fees at all. I'm not giving you a career of lessons. $12,500 in a case that complains of fraud for half a million dollars might be a nuisance value. But $12,500 in a case in which they were never going to go into a whole lot more, looks like they got pretty good value. So it's 29% of what they demanded. And the demand has been covered with the state claims and the secondary claims. The demand only covered three mandated claims, but once the offer was accepted, it changed to the position that it covers every claim that benefits a career. Well, that is the question that you posed to me in the email, right? You said it should just cover all the claims, which is a perfectly logical request. You don't want to settle just part of it. You want to settle the whole case right on behalf of your clients. That's what child counsel is. That doesn't mean that you're apportioning them across the Oregon claims and the second FLSA claim. That wasn't the intent, because they'd already prevailed in Omaha. You might have been demanding and settling those claims for a dollar, which would be something trivial and a nuisance value. So the way I look at it is, even if you take the $12,500 and you go with only the 10 FLSA claims that were reversed on summary judgment, and the seven additional non-testifying plaintiffs who take their FLSA claims, that's 17 claims for $12,500. That still makes it a nuisance value for each one. But how big were those claims if they prevailed on all of them? If they prevailed? Yeah, if they applied those claims and won, how much would they have? And that was something I wanted you to say. I would have used $29,500. Yes, what we ultimately gave them was 29%. What we gave them was less than $40,000. Well, it was $42,000. So you could have, in comparison with the cost of going to the file, the cost of looting, you could have said, I'm going to appeal. But will this appeal anybody? Certainly. That's why I said the $12,500. It was a nuisance value. It can't be anything else. And would you have settled any settlement with a $42,000 claim, a nuisance value? If what? If I said under your theory, isn't any settlement with a $42,000 claim a nuisance value? Since it would have cost you more than going to trial. No. I didn't mean that. If we just rolled over and gave them everything they asked for, I don't know if you could call it a nuisance value, perhaps. I just know that we're giving you less than a third of what you asked for. We're not going to trial. We went to trial last time. It cost hundreds of thousands of dollars for each side. This is a nuisance value. And if something's in the Fletcher case, since the Seventh Circuit says $750 is a nuisance value, they said other cases of similar holdings. Yeah, but don't you compare it to the size of the claim? Yes, you can. So is there any case that you got where somebody got 30% of their potential claim, and that was your nuisance value? I don't know that I was on that far account. But, for instance, in the $7,500, it was a danger. I think the plaintiff's last demand was $80,000, so it was less than 10%. Less than what? That was one plaintiff. Less than what? What's that? $750 against $80,000. No, $7,500. Okay, I'm sorry. And that was one plaintiff. So as I'm seeing here, when you take $12,500 and divide by 17, claimants with an FLSA claim, you come to around the same number, around $750. And so the court looks at it and says, Yes. If the district court had done that, I think you'd have a strong market. What we're all doing, what you're asking us to do is to speculate. If the district court did something strange here, it didn't say I'm not going to give you fees for the time you spent on the appeal for something like this. So it didn't say these claims were tiny or frivolous or anything. It said, in fact, awarded fees. Thanks to that. But what a cutoff. See, it's inconsistent in my mind with the judge having said these are such tiny claims to fees or nuisance. I hate that for the appeal, but I wouldn't hate it for the trial. And I don't know why. I don't know why it did that. It also gave you a significant amount of fees on issues that it just briefed and lost. Under maybe $8,000, briefing the issues that were here on that. So you came across the appeal on that? We did. Okay. So that's not immediate issue? No, it's not. It's the appeal of the verdict. You're arguing that? Yes. Okay. The trial court was just trying to engage in some sort of equitable balancing. It's due to speculation because it didn't say that in the opinion. But that's what I think was going on. So the court could have said, look, I've already given you $188,000 worth of fees. That's about what this case is worth in terms of fees, and I'm not going to give you more. Had he done that, I think we would have at least discretionary street photos. The tougher issue is why he's not coming off here. And you can't say anything other than that's sort of why I struggle with this, too. Because I think the right thing to do would be to just rely on this court's CEQA status and say, that doesn't make you the programming party for fees, you won't get fees. But it didn't do that. It gave them a little bit of fees. And it's unfortunate that that might actually come back around to a more moderate defendant here. But I don't know why he didn't do it. I'm not sure he didn't say why he just issued that opinion, and gave them a little bit of fees. I'd say it might have been for the best guess. He was just trying to engage in some sort of equity. And so with regard to the affirmed claims, the court's right that I have never asked for some sort of relief under fixed rule 59E or 60P. And so he said, no, the court can travel, the district court can do this. And you can go ahead and ignore the mandate, ignore a judgment that, you know, that carries or deviates from the previous judgment in this court's view made. And the district court disagreed for a few reasons. I mean, we argued that under the mandate rule, it's jurisdictionally prohibited from doing that. And the district court's ruling was a little bit different, but it did say, it did analyze that argument, and included it in what it said. I don't know who categorically barred, but I don't need to reach that because I still think that essentially jurisdictionally barred because entry of a judgment under rule 68 is not necessarily illegal. And here, you can't just leave it to the court to enter a judgment that conflicts with a previously entered judgment, especially when it's not. And it's the subject of this court's order of mandate. The exclusive entry that the district court gave was that rule 68, by its terms, envisions a trial. It says at least 16 years, at least 14 years before trial, and the district court's limited. There is no trial on the grounds that there isn't a trial here. The claims are dismissed. The disputes are affirmed. And I don't care if you work on a petition for a search warrant until or unless it's reversed and ready for trial. You can't just rule on these facts. And so I think that's the correct way of reading the rule. The district court scoured the case law from all over the country and found a couple of cases that were somewhat on point. But what it said is you can't find one case anywhere with similar facts where the district court has entered the judgment as pending a request and has always pursued some other either motion under Rule 60B or under 59E or some other motion for relief. It couldn't just ignore a mandate or ignore a final judgment and enter a very judgment that deviates from the original judgment or conflicts with the original judgment. And so the trial court didn't hurt here. I believe it. Now, the last piece I want to touch very quickly is that if you think that the district court did not hurt, then you want to still use the radical powers and get rid of all the fees and costs that you have to be requested. And it says you can do that by submitting a vacating or a mandate. Well, this is not the scoring party circumstance. Pretty much this court has said that it can or will vacate mandates. And this court has said repeatedly in petitions that they can't reissue because there's too much recall mandate or disfavored, and such costs are granted by the court only upon extraordinary circumstances. That's the Zipps-Forst-Talbert case. And this is not one of those extraordinary circumstances. So I would urge you not to do that. And if there is an issue that still needs to be resolved regarding fees, that's for the district court. It's not for this court now. And certainly, if this court is appealing to the district court and not her, this court shouldn't exercise its discretion or exercise its equity powers in awarding these fees if the district court did not award them to plaintiffs. Let's see, are there any other questions? Okay, so thank you, Counselor. Thank you. Ms. Jacobs, are you remaining? Thank you. A couple points. The FLSA claims remaining on remand were only $9,664. So that was less than the amount of the offer of judgment. So no matter how many plaintiffs you divided among, you got more than the entire amount that they were claiming. Well, only if we don't allocate it to you. In terms of the total size of what each person was getting, it's more than all of their FLSA claims combined. Like I said, this was never a high-dollar value case. Actually, the two of you are, in effect, arguing cross-purposes in your positions. You're saying, I did really well on most of the FSLA claims, which I got more than they were worth. And you say, oh, no, we should allocate it among the other claims. And it's so that it seems to me that you had a good reason to defer the claims. Well, all of the claims together, affirmed and remanded, only amounted to $40,000 more even if we had proceeded to all as long as we gave them to them. The Seacoast case that my friend mentioned, I think it's distinguishable in many effects. One is that it was only one of 12 claims allowed for attorney fees in that case. It was a Florida state law theft claim that required proof by clear and convincing evidence. So when you accept an offer of judgment, that doesn't necessarily establish proof by clear and convincing evidence. So I think that's a unique case for that. Most of the cases that have talked about nuisance value are under Section 1988, which is discretionary fee report. All of the cases that talk about the FLSA talk about whether or not it's nominal recovery. So I don't think there's any question here that it's more than nominal. That's what the first and second panel found, where there was $18,000 recovery out of $67,000 requested, and that's the same ratio that we have with on remand, with the new offer of judgment. So it's nominal here, not whether or not it's whatever nuisance value means in a subjective sense. Counselor, we have an opinion, and it was a counselor of our mediation unit. We have discussed that at the beginning, and what he disagreed with was whether or not fees are due. So it was a binary issue that the sides did not agree to come to a settlement. But if the decision is made that more fees are due, I don't think we'd object with a mediation program to send the amount. Anything further, Counselor? That's it. Thank you very much. Thank you both, Counselor, for the argument. Roth versus Penco is submitted. Final case on the oral argument calendar is Portland Table Laundry Company versus Liberty Mutual Insurance.
judges: Bybee, Hurwitz, Rakoff